(114 N. W. 475.)

FRED ZINN v. DISTRICT COURT IN AND FOR MORTON COUNTY AND
EDWARD T. BURKE, JUDGE.

Opinion filed Jan. 11, 1908.

**Criminal Law — Change of Venue — Application of State.**

1. Under section 9931, Rev. Codes 1905, the state can secure a change of the place of trial in a criminal action under the same circumstances as a defendant in a criminal action may under existing laws, and said section 9931 is a constitutional enactment. Barry v. Truax, 13 N. D. 131, 99 N. W. 769, 65 L. R. A. 762, 112 Am. St. Rep. 662, followed.

**Same — Selection of County — Discretion of Court.**

2. When a change of the place of trial is obtained by the state on account of the existence of prejudice among the inhabitants against the enforcement of the prohibition or other laws, the selection of the county to which the case must be sent rests exclusively with the presiding judge in the exercise of a sound judicial discretion.

**Same.**

3. Upon the application of the state for a change of the place of the trial of a criminal action, on account of local prejudice, the presiding judge transferred the cause for trial to Barnes county, being about 140 miles from the county where the action was pending. It was shown that a speedier trial could be secured in Barnes county than in any county in the Fifth judicial district. It was shown that the same prejudice existed in every county in the Sixth district as exists in the county where the action originated. The only other county nearer to the county where the action originated than Barnes county is Stutsman county, which is 35 miles nearer than Barnes county. *Held*, that it was not an abuse of discretion to transfer the trial to Barnes county under such circumstances.

Application of Fred Zinn for writ of certiorari to the District Court of Morton county and Edward T. Burke, judge. Writ denied.

*L. A. Simpson, J. M. Hanley,* and *A. T. Faber,* for plaintiff.

*R. N. Stevens,* Assistant Attorney General, and *B. W. Shaw,* State's Attorney, for defendants.

Morgan, C. J., This is an application for a writ of certiorari. It is based on the proceedings had in the district court of the county of Morton, on which the application for a writ of prohibition was made, and the issuance of the writ denied by this court, and the opinion therein filed on this day. The same facts are presented on this appli- cation, that were presented on that application and in addition to the questions raised on that application an additional one is presented on this. On this application we are asked to review the order of the district court of said Morton county, by which the place of the trial of the indictment found against the defendant was changed from the county of Morton to the county of Barnes on the application of the state, made through the state's attorney. The state's attorney filed an affidavit in which it was set forth that the state could not obtain a fair trial of said action in said county of Morton, by reason of the fact that the people of said county are so prejudiced against the prosecution of the offense with which the said Zinn was charged, that is, the maintenance of a common nuisance in violation of the prohibition laws of the state of North Dakota. In said affidavit the state's attorney recited the fact that violations of the prohibition law were common in said county of Morton, and that said prohibition law was notoriously violated in various sections of said county, with the knowledge and approval of the people generally and that all attempts to punish offenders against said law have generally been met with determined resist- tance, and a refusal to convict the persons charged, without regard to the evidence furnished by the prosecution. The affidavit further states that the prejudice existing in the county of Morton against the enforcement of the prohibition law is general in the various counties or judicial subdivisions of the Sixth Judicial district, and that he believes there is no county in the Sixth judicial district in which the state could secure an impartial and speedy trial of the de- fendant. Upon the filing of said affidavit, the district court made an order changing the place of the trial of the defendant under said indictment from the county of Morton to the county of Barnes in the Fifth judicial district. Upon the making of said order the defendant in that action, and the plaintiff in this proceeding, applied to this court for a writ of certiorari to review the order thus made.

The judge of the district court of the county of Barnes, in the Fifth Judicial district, who was the presiding judge at the November term of the district court in and for the county of Morton, where the

order under review was made, filed his return to the application of the plaintiff in this case, and in said return the defendant sets forth the following matters: "That in so ordering a change of the place of trial, the district court of said Morton county took into consideration the matter set forth in the affidavit of said B. W. Shaw, upon which said motion was based, and in exercising its discretionary power upon the question of granting such change of the place of trial and the selection of a place for the trial of said cause, took into consideration information and knowledge that had come to the court from acquaintance with a large number of reputable citizens residing in the counties of Morton and Burleigh, where the respondent had frequently held court, and was acquainted with the sentiment of said counties relating to the enforcement of the prohibition laws of the state of North Dakota, and recognized that both the state and defendant were entitled to have said cause removed for trial to a county where both the state and the defendant could have a fair and impartial trial of said cause speedily, and the court considered it proper and fair to all parties concerned that said trial should be changed to such county as would insure an expeditious trial on said indictment. That at the time of making said order changing the place of trial of the said cause to Barnes county in the Fifth judicial district the term of the district court of Barnes county was then about to open, at which term it apepared to said district court the issues upon said indictment could be tried, thus insuring both a fair and expeditious trial of said cause. The court also took into consideration the knowledge it had of general rumor and its knowledge of conditions prevailing in the different counties of the Sixth judicial district. That there was existing in each of the counties of said district a well-defined sentiment of at least a portion of the inhabitants of said district against the enforcement of the prohibition laws of the state."

In this case the change of the place of trial was asked solely on the ground of the prejudice of the people of the county against the enforcement of the prohibition laws. The change was not asked on account of the prejudice of the defendant as presiding judge at that time. Under section 9919, Rev. Codes 1905, the defendant is entitled to a change of the place of trial upon his filing a petition on oath setting forth that he "has reason to believe and does believe, and the facts upon which such belief is based, that he cannot receive a fair and impartial trial in the county or judicial subdivision where

said action is pending, on any of the following grounds." Subdivision 2 of said section provides as one of the causes for granting a change of the place of trial, "that the people of the county or judicial subdivision are so prejudiced against the defendant or the offense of which he is accused that he cannot have a fair and impartial trial." Section 9931 provides as follows: "The state's attorney, on behalf of the state may also apply in a similar manner for a removal of the action, and the court being satisfied that it will promote the ends of justice, may order such removal on the same terms and to the same extent as are provided in this article, and the proceedings on such removal shall be in all respects as above provided." Section 9921 of the Code provides: "The court being satisfied that cause exists therefor, as defined in section 9919. must order a change of the place of trial to some county or judicial subdivision where the cause complained of does not exist." In Barry v. Traux, 13 N. D. 131, 99 N. W. 769, 65 L. R. A. 762, 112 Am. St. Rep. 662, this court held that said section 9931 was a constitutional enactment, and that a change of the place of trial on the application of the state on the grounds allowable as causes for a change of the place of trial by the defendant was allowable to the state.

The sole question presented in this case is whether the district court acted within its discretion in transferring the trial of the action to the county of Barnes. The county seat of the county of Barnes is situated about 140 miles from the county seat of the county of Morton. The affidavit of the state's attorney on the application for the change, and the defendant's return on the application for the writ of certiorari, conclusively show that the defendant, as judge, deemed it to be a fact the same conditions exist in all the counties of the Sixth judicial district as exist in the county of Morton with respect to the enforcement of the prohibition law. We may therefore take it as amply shown that the district judge was convinced that he could not have transferred the action to any other county in the Sixth judicial district and thereby secured to the state a fair and impartial trial. The question as to what county or district he should transfer the trial of the action was one entirely within his own discretion, subject to be reviewed, if abused, by this court. As stated in Murphy v. District Court, 14 N D. 542, 105 N. W. 728, "the only requirement imposed by the statute is that it must be sent to a county or judicial subdivision 'where the cause'

complained of does not exist.' The selection of the county is left to the discretion of the presiding judge. He may select one county in preference to another county and may prefer one judicial district to another, so long as he does not exceed his legal discretion. This we understand, is conceded by counsel for defendant. Their contention is—and this presents the only question in the case—that the presiding judge abused or exceeded his discretion in sending the case to Cass county, and that the record should therefore be sent up to the end that he may be required to select some county nearer to Ward county. * * * The defendant is given the right to secure a change on account of local prejudice, but the power of selecting the county to which the action shall be sent is not given to him, neither is it given to this court." There was but one other county to which the case could have been transferred for trial by the defendant which is nearer the residences of the applicants than Barnes county, to wit, the county of Stutsman, the county seat of which is about thirty-five miles from the county seat of Barnes county. The return shows that the transfer to Barnes county was made solely for the reason that a speedier and earlier trial could be had than if sent to any other county outside of the Sixth judicial district, which the defendant deemed a proper county to send the case to. We are firmly convinced that there was no abuse of discretion in sending the case to Barnes county rather than to Stutsman county, in view of the reason given by the trial judge for sending the same to Barnes county.

It was urged on the argument that the petitioners were prejudiced by the order, for the reason that the trial would be more burdensome to them by reason of the additional expense in going to Barnes county. This matter was considered by this court in the Murphy case, supra, and it was there decided that the additional expense necessarily incurred by reason of the change was not a matter that would warrant this court in holding that the order was an abuse of discretion. The statute in express terms at section 10217 makes provision for the payment of the fees of witnesses in attendance upon trials of persons accused of crime, who are unable to pay for the attendance of their witnesses. The additional expense in going thirty-five miles between Stutsman county and the county seat of Barnes county is so small that it cannot be considered as an argument that should weigh with us in holding that the trial court acted beyond its legal judicial discretion.

It must be taken as established from the return of the district judge that he deemed it impossible to remove the case to a county nearer to Morton county than Stutsman, and at the same time secure to the state a fair trial. Hence, in considering the question of the expense, we can only consider the additional expense, as before stated, in traveling from Stutsman county to the county seat of Barnes county, and we find that the court acted within legal discretion in transferring the case to Barnes county. This application is made under section 7810, Rev. Codes 1905, providing when the writ of certiorari may issue, and it provides that such writ may issue when inferior courts or tribunals have exceeded their jurisdiction, and there is no appeal, nor in the judgment of the court any other plain, speedy, and adequate remedy. In the Murphy case the application was deemed to have been made under the constitutional and statutory provisions giving this court the power to issue writs supervising or superintending the action of inferior tribunals. In that case the question of the propriety of the writ was not discussed; but from the general tenor of the opinion in that case it was held that if the district court had exceeded its jurisdiction or authority and abused its discretion by transferring the trial of the case to a too remote county, the abuse of discretion or excess of the jurisdiction might be reviewed by certiorari. The members of this court who were not then members of the court do not wish to be considered as indorsing the doctrine that a writ of certiorari is a proper remedy in such a case.

In this case no question is raised as to the propriety of the writ. For these reasons, it follows that the application for a writ of certiorari must be denied. All concur.