## STATE OF NORTH DAKOTA v. GEORGE FORTUNE, W. S. Casselman, and Charles Mason.

(150 N. W. 926.)

**Criminal case — advancement of on calendar — order — nonappealable.**

1. An application for the advancement of a criminal cause on the calendar of this court will be denied where it appears that the order from which the appeal was attempted to be taken is nonappealable.

**Changing venue — criminal action — order in — nonappealable.**

2. An order made by the district court changing the venue in a criminal action is a nonappealable order, the same not being included in the orders enumerated in § 10,992, Compiled Laws 1913, from which appeals are authorized to be taken.

Opinion filed February 6, 1915.

Appeal from district court, Burleigh County; *Nuessle,* J.

Application for advancement on the calendar of the supreme court. Application denied.

*H. R. Berndt,* States Attorney, for the motion.

*T. R. Mockler,* contra.

29 N. D.—19.

FISK, Ch. J.   This is a criminal action commenced in the district court of Burleigh county.   On January 25th last the district court, on motion of the states attorney, made an order changing the venue from Burleigh to Morton county.   Thereafter and on the 28th day of January, counsel for defendants served and filed in the office of the clerk of the district court a notice of appeal from such order to this court, and the record on such appeal has been transmitted in accordance with such attempted appeal.   On the 29th day of January this court, on an application of respondents' counsel, issued an order requiring the appellants to show cause why the action should not be advanced on the calendar, and the hearing set for an early date.   Such order came on to be heard on February 5th, at which time counsel for appellants filed written objections to the application for such advancement, stating numerous grounds why the application should be denied.   We deem it unnecessary to consider any of the grounds urged, either for or against the granting of such order, for the obvious reason that the order attempted to be appealed from is not appealable.   If such order is not appealable, this court, of course, has no jurisdiction, and obviously this furnishes an all-sufficient reason for denying the application for advancement of the cause.

That such order is nonappealable is, we think, too clear for discussion.   It goes without saying that no appeal lies in the absence of a statute conferring such privilege.   This is fundamental, and needs no argument or authorities in its support.

Turning to the statute authorizing appeals by a defendant in criminal cases, which is § 10,992, Compiled Laws of 1913, we find that it reads as follows: "An appeal may be taken by the defendant: 1. From a final judgment of conviction.   2. From an order refusing a motion in arrest of judgment.   3. From an order denying a motion for a new trial. 4. From an order made after judgment affecting any substantial right of the party."   It is, of course, entirely clear that an order changing the place of trial is not embraced in such section, and it is equally clear that the above statute is the only law designating the particular decisions from which an appeal will lie on the part of a defendant in a criminal action.

Manifestly, therefore, the remedy sought to be invoked by these appellants for a review of such order does not exist in this state.   In Zinn

v. District Ct. 17 N. D. 135, 114 N. W. 472, a like order was reviewed by this court on certiorari, but whether that was a proper method for reviewing such order is not before us, nor was such question raised in that case.

We realize that appellants were cited to show cause merely why the appeal should not be advanced for an early hearing in this court, and not to show cause why their attempted appeal should not be dismissed; but manifestly this court will not indulge in the idle ceremony of determining the merits of such application when, as in this case, it clearly appears that it has no jurisdiction because of the nonappealability of the order from which the appeal is attempted to be taken.

It follows that the application for advancement should be denied, and it is so ordered.