[File No. Cr. 170.]

STATE OF NORTH DAKOTA, Appellant, v. T. H. McENROE, Respondent.

(287 N. W. 817.)

Opinion filed October 9, 1939.

*Alvin C. Strutz,* Attorney General, *Milton K. Higgins,* Assist-and Attorney General, *Ralph F. Croal,* State's Attorney, and *Odin J. Strandeness,* Assistant State's Attorney, for appellant.

*Francis Murphy,* for respondent.

CHRISTIANSON, J. The defendant moved that the information which had been filed against him be set aside. Comp. Laws 1913, §§ 10,728–10,730. The motion was granted, and the state has appealed.

The defendant moves that the appeal be dismissed.on.the ground that the state has no right to appeal from an order setting aside an information.

The motion to dismiss the appeal must be granted. The right of appeal is statutory. Myrick v. McCabe, 5 N. D. 422, 67 N. W. 143; Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676; Stimson v. Stimson, 30 N. D. 78, 152 N. W. 132; Torgerson v. Minneapolis, St. P. & S.

Ste. M. R. Co. 51 N. D. 745, 200 N. W. 1013; State v. Sweeney, 48 S. D. 248, 203 N. W. 460. See also State v. Fortune, 29 N. D. 289, 150 N. W. 926; State v. Stunkard, 28 S. D. 311, 133 N. W. 253. In a criminal action the state has only such right of appeal as is expressly conferred by law. 17 C. J. p. 39; United States v. Sanges, 144 U. S. 310, 36 L. ed. 445, 12 S. Ct. 609; State v. Stunkard, 28 S. D. 311, 133 N. W. 253, and State v. Sweeney, 48 S. D. 248, 203 N. W. 460, supra; People v. Herbert, 152 App. Div. 579, 137 N. Y. S. 409; People v. Dundon, 113 App. Div. 369, 98 N. Y. S. 1048; People v. Knowles, 27 Cal. App. 498, 155 P. 140; Note in 19 L.R.A. pp. 345 et seq.

Under our laws (Comp. Laws 1913, § 10,993) the state has the right to appeal only,

"1. From a judgment for the defendant on a demurrer to the information or indictment.

"2. From an order granting a new trial.

"3. From an order arresting judgment.

"4. From an order made after judgment, affecting any substantial right of the state.

"5. From an order of the court directing the jury to find for the defendant."

The order sought to be appealed from here is not one of those from which the state may appeal. Comp. Laws 1913, § 10,993; State v. Fortune, 29 N. D. 289, 150 N. W. 926; People v. Herbert, 152 App. Div. 579, 137 N. Y. S. 409; and People v. Knowles, 27 Cal. App. 498, 155 P. 140, supra.

Appeal dismissed.

Nuessle, Ch. J., and Burr, Burke, and Morris, JJ., concur.