STATE of North Dakota, Plaintiff
and Appellant,

v.

Elroy BAUER, Defendant and Respondent.

Cr. 358.

Supreme Court of North Dakota.

Nov. 2, 1967.

Gordon O. Hoberg, State's Atty., Napoleon, for plaintiff and appellant.

Richard E. Herr, Wishek, for defendant and respondent.

TEIGEN, Chief Justice.

A criminal action, which the county justice's court was empowered to hear, try, and determine, was prosecuted pursuant to the provisions contained in Chapter 33–12, N.D.C.C., against the defendant for the crime of "failing to give immediate notice of an accident." The defendant was brought before the county justice named in the complaint and appeared with his attorney. The defendant, by his attorney, made a motion to dismiss the complaint on the ground that the facts alleged in the complaint do not constitute a public offense and, further, if it is held that it states an offense, it violates the defendant's constitutional rights.

The motion was denied and, upon trial, the defendant was found guilty. The

county justice sentenced the defendant to pay a fine and assessed costs. The defendant appealed and the county justice set bail which was furnished and the defendant was released. The county justice transmitted this case to the clerk of the district court pursuant to Section 33–12–39, N.D.C.C. At the next term of the district court the State's attorney requested permission to file a criminal information, alleging in identical language the facts set forth in the complaint. The defendant was present and was represented by his attorney.

No objection was made and the district judge granted the request and ordered the criminal information filed. The attorney for the defendant then moved to quash the information on the ground that the facts stated in the information do not constitute a public offense. The motion was resisted by the State. Arguments were heard and the trial court took the matter under advisement, giving each side an opportunity to file briefs. Thereafter, the district judge issued his memorandum opinion sustaining the grounds of the motion to quash and signed an order quashing the criminal information. The State has appealed from said order to this court.

 Our statutes provide that an appeal may be taken from a judgment of a county justice by the defendant upon both questions of law and fact. Section 33–12–34, N.D.C.C. An appeal from the county justice in a criminal action duly perfected transfers the action to the district court for trial anew and the statutes provide that the defendant may move to dismiss the complaint "because the facts stated do not constitute a public offense" before he is required to plead. Section 33–12–40, N.D.C.C. This section also provides that if the defendant does not object to the complaint on the grounds specified or if the objections are overruled, he must then be required to plead to the complaint as to an indictment or information and, in other respects, the proceeding shall be the same

as in criminal actions originally commenced in the district court.

 Thus it is clear that the trial anew in the district court, on an appeal from the judgment entered by the county justice in a criminal action, does not contemplate that an information be filed but that trial shall be had upon the complaint filed in the county justice's court. A public offense, where a trial may be had in justice, police, or county court, is excepted from the statute requiring prosecution by information or indictment. Section 29–01–01, N.D.C.C.

For these reasons, we will consider the order entered by the district court as one dismissing the complaint as contemplated by Section 33–12–40, N.D.C.C.

A motion to quash is made applicable by statute only to an information or an indictment. Section 29–14–01, N.D.C.C. It is not made applicable to a complaint.

Having determined that the statutes providing for motions to quash are not applicable to a criminal complaint, and considering the procedure in the district court as one for the dismissal of the complaint on the statutory ground that the facts stated therein do not constitute a public offense, we must next consider and determine whether such an order is appealable to the Supreme Court by the State. Both parties treat this matter as if an appeal could be taken to this court. However, such action between the parties cannot of itself confer jurisdiction upon this court as to the subject matter if no jurisdiction exists by the Constitution or the statutes. It is not only the province but the duty of this court to refrain from exercising any jurisdiction outside of that granted by the Constitution and the statutes. If it were merely a matter of procedure, we might overlook a question which has not been raised by the respondents but Section 86 of the Constitution of the State says:

The supreme court, except as otherwise provided in this constitution, shall

have appellate jurisdiction only, which shall be co-extensive with the state and shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law.

Unless, therefore, some method be prescribed by law whereby this court may exercise jurisdiction on such an appeal, this court is not in a position to assume jurisdiction.

■ The right to appeal in criminal cases is not conferred by the Constitution but may be exercised only as prescribed by statute. There is no right to appeal in the absence of a statute conferring such right. State v. McClelland, 72 N.D. 665, 10 N.W.2d 798; State v. Johnson, N.D., 142 N.W.2d 110; and State v. Higgins, N.D., 145 N.W.2d 478.

The right of the State to appeal to the Supreme Court in a criminal case is limited to those instances expressly conferred by law. State v. McEnroe, 69 N.D. 445, 287 N.W. 817.

Section 29–28–07, N.D.C.C., provides from what the State may appeal. It states as follows:

An appeal may be taken by the state from:

1. An order quashing an information or indictment or any count thereof;

2. An order granting a new trial;

3. An order arresting judgment; or

4. An order made after judgment affecting any substantial right of the state.

■ The order sought to be appealed from here, properly denominated as an order dismissing the complaint, is not one from which the State may appeal. Manifestly, therefore, the remedy sought to be

invoked by the State, as appellant, for review of such order does not exist.

The appeal is dismissed.

STRUTZ, ERICKSTAD, KNUDSON and PAULSON, JJ., concur.