**STATE of North Dakota, Plaintiff/Appellant,**

v.

**Mario J. ALLESI, Defendant/Appellee.**

**Cr. No. 456.**

Supreme Court of North Dakota.

Oct. 23, 1973.

David R. Bossart, Asst. State's Atty., Fargo, for plaintiff/appellant.

Mark R. Fraase, Wegner, Fraase & Cooke, Fargo, for defendant/appellee.

ERICKSTAD, Chief Justice.

This is an appeal by the Plaintiff, State of North Dakota, from an order of the District Court for the First Judicial District, which dismissed the charges and discharged the Defendant, Mario J. Allesi.

Mr. Allesi was charged with delivering the controlled substance methamphetamine in violation of Section 19–03.1–09, N.D.C.C.

At the close of the State's case, Mr. Allesi made a motion for an advised verdict of acquittal on the grounds that the State failed in its burden of proof and failed to prove a prima facie case. Instead of acting on the specific motion the court dismissed the case, saying in effect that the State failed to prove: (1) the quantity of methamphetamine in the drugs sold, (2) that methamphetamine has a potential for abuse, and (3) that methamphetamine is a stimulant to the central nervous system.

The State appealed and Mr. Allesi moved for an order dismissing the appeal pursuant to Rule 27(a) of the North Dakota Rules of Appellate Procedure on the grounds that the State is without statutory or constitutional authority to perfect an appeal to the supreme court under the circumstances of this case and that, therefore, the supreme court has no jurisdiction.

The issue presented by this motion is whether the State may appeal to this court from an order of the district court, made at the close of the State's case, dismissing the information.

■ In dismissing the case the trial court erred. If the court believed the evidence to be insufficient to convict the defendant, it should have advised the jury to acquit the defendant, thereby leaving the ultimate decision to the jury. See State v. Gill, 154 N.W.2d 791 at 799 (N.D.1967).

Pertinent is the following:

"29–21–37. Court may advise jury to acquit.—If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it may advise the jury to acquit the defendant, but the jurors are not bound by the advice, nor can the court, for any cause, prevent the jury from giving a verdict." N.D.C.C.

What is the effect of this error on the part of the court?

■ Mr. Allesi concedes that the court erred, but contends that the error is immaterial. His view is that appeal is purely statutory and that our law does not provide for an appeal in a case such as this. He refers us to Section 29–28–07, N.D.C.C.

"29–28–07. From what the state may appeal.—An appeal may be taken by the state from:

"1. An order quashing an information or indictment or any count thereof;

"2. An order granting a new trial;

"3. An order arresting judgment; or

"4. An order made after judgment affecting any substantial right of the state."

N.D.C.C.

It is his view that State v. Bauer, 153 N.W.2d 895 (N.D.1967), supports his contention that unless his case comes within one of the four subsections of Section 29–28–07, N.D.C.C., it is not appealable. He does not believe that this case comes within any of those subsections.

In *Bauer* the defendant was charged through a complaint in justice court with the offense of failing to give immediate notice of an accident. Upon his conviction, he appealed to the district court, at which time the State's Attorney requested and received permission to file a criminal

information, which information alleged the facts in the language of the complaint. When the defendant's attorney moved to quash the information, the district court granted the motion, and the State appealed. In dismissing the appeal to this court, Chief Justice Teigen, speaking for the court, said:

> "Thus it is clear that the trial anew in the district court, on an appeal from the judgment entered by the county justice in a criminal action, does not contemplate that an information be filed but that trial shall be had upon the complaint filed in the county justice's court. A public offense, where a trial may be had in justice, police, or county court, is excepted from the statute requiring prosecution by information or indictment. Section 29-01-01, N.D.C.C.

> "For these reasons, we will consider the order entered by the district court as one dismissing the complaint as contemplated by Section 33-12-40, N.D.C.C.

> "A motion to quash is made applicable by statute only to an information or an indictment. Section 29-14-01, N.D.C.C. It is not made applicable to a complaint." State v. Bauer, 153 N.W.2d 895, 896 (N.D.1967).

*Bauer* is obviously distinguishable on its facts from the instant case in that in *Bauer* an offense prosecutable by a complaint was involved rather than an offense prosecutable by an information. The statute providing for an appeal covers cases prosecutable by information rather than by complaint. In the instant case we have involved an offense prosecutable by information.

Although the State in the instant case asserts that this appeal comes within Subsection 4, we think it more properly comes within Subsection 1. In dismissing the case, the court in effect quashed the information.

Having concluded that the order is in effect an order quashing the information, the order is appealable under Subsection 1 of Section 29-28-07, N.D.C.C.

Whether upon a successful appeal by the State and a remand of the case for a new trial the defendant may successfully assert that he was then placed twice in jeopardy in violation of the Fifth Amendment to the United States Constitution, we need not determine at this time. This issue can be more carefully considered if and when it is raised and properly briefed.

For the reasons stated in this opinion, Mr. Allesi's motion for a dismissal of his appeal is denied.

KNUDSON, PAULSON and VOGEL, JJ., concur.

TEIGEN, Judge (dissenting).

Under the majority holding the State's rights of appeal in criminal cases have been broadened far beyond the limited rights provided by statute. The holding, in my opinion, amounts to judicial legislation. In applying the reasoning of the majority, I suppose it may be said that every order dismissing a criminal case "in effect" quashes the information. The word "quash" has a variety of meanings, and by applying the broad meanings of the term a dismissal of a criminal case "in effect" quashes the information irrespective of how the dismissal is directed. For example, an order of dismissal based on a jury verdict of acquittal also "in effect" quashes the information. I am of the opinion, however, that the Legislature did not have the broad meaning in mind when it enacted Section 29-28-07, N.D.C.C., which provides, in part, that the State may appeal from "an order quashing an information." That section has reference to Chapter 29-14, N.D.C.C., which provides for and limits the grounds for a motion to quash. The grounds are set forth in Section 24-14-04, N.D.C.C. Failure on the part of the State to prove a prima facie case is not a ground for a motion to quash under that section.

Furthermore, the defendant in this case did not move to quash the information.

He pleaded not guilty to the charge and the case went to trial before a jury. At the close of the State's case the defendant moved for an advised verdict of acquittal under Section 29–21–37, N.D.C.C. The trial judge determined that the State had failed to prove a prima facie case but did not advise the jury to acquit. Instead, the trial court ordered a dismissal of the case and issued a discharge of the defendant, which was delivered to the sheriff. The State served and filed a notice of appeal, which states that the appeal is taken from the order of dismissal pursuant to Section 29–28–07, N.D.C.C. This section limits appeals taken by the State to the following:

"1. An order quashing an information or indictment or any count thereof;

"2. An order granting a new trial;

"3. An order arresting judgment; or

"4. An order made after judgment affecting any substantial right of the state."

The State has only such rights of appeal in criminal cases as are provided in the above statute. State v. Bauer, 153 N.W.2d 895 (N.D.1967); State v. McEnroe, 69 N. D. 445, 287 N.W. 817 (1939).

An order made by a district court in a criminal case, not included in the orders enumerated in the above-quoted statute, is nonappealable by the State. State v. Fortune, 29 N.D. 289, 150 N.W. 926 (1915).

The right to appeal in this state is purely statutory. Section 109, North Dakota Constitution. The right is not conferred by the constitution and may be exercised only as prescribed by statute. An appeal embraces only that which is contemplated by the law enacted by the Legislature. State v. McClelland, 72 N.D. 665, 10 N.W.2d 798 (1943).

An order quashing an information is appealable by the State, but an order dismissing a case and discharging the defendant in a criminal case where the defendant has entered a plea and the case has gone to trial is not an order quashing an information, nor is it likened unto an order quashing an information.

A motion to quash an information must be made before the defendant pleads. Section 29–14–01, N.D.C.C. The grounds are limited to those set forth in Section 29–14–04, N.D.C.C. In that section no reference is made to a sufficiency of proof adduced at the trial.

The trial court, in this instance, found that the State had failed to prove a prima facie case. No motion to quash had been made and no statutory defects are alleged or appear which constitute grounds to quash the information. Furthermore, if such grounds did exist they were waived, except for such grounds as were available upon a motion in arrest of judgment. Section 24–14–12, N.D.C.C.; State v. Simpson, 78 N.D. 571, 50 N.W.2d 661 (1951).

The statute also provides that an order quashing an information is not a bar to future prosecution for the same offense. Section 29–14–13, N.D.C.C. This section does not harmonize with the holding of the majority as "future prosecution for the same offense" would place the defendant in jeopardy a second time for the same offense. An order dismissing the case and discharging the defendant after a plea of not guilty, and the State having produced its proof and rested, such order cannot properly be categorized as an order quashing the information under our statutes.

The order sought to be appealed from here is not one from which the State may appeal. The appeal, in my opinion, should be dismissed. State v. Bauer, *supra*; State v. McEnroe, *supra*; State v. Fortune, *supra*. In each of the foregoing cases appeals were dismissed for similar reasons.

If the trial court exceeded its jurisdiction in ordering a dismissal of the case and discharging the defendant, as claimed by the State, and there is no appeal allowable from the order, or any other plain, speedy or adequate remedy, perhaps the order

could be reviewed on a writ of certiorari pursuant to Section 87 of the North Dakota Constitution and Chapter 32–33, N.D.C. C. The purpose of such review would be to determine whether the trial judge pursued regularly the authority vested in him by statute or whether he exceeded his jurisdiction.