**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Brian Howard IVERSON, Defendant and Appellee.**

**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Joseph Richard TRAPPEN, Defendant and Appellee.
Crim. Nos. 475, 476.**

Supreme Court of North Dakota.

June 4, 1974.

Neil W. Fleming, State's Atty., Pembina County, Cavalier, for plaintiff and appellant State of North Dakota.

James E. Leo, Grand Forks, for defendants and appellees.

VOGEL, Justice.

The defendants were individually charged with the crime of possession of a controlled substance, as defined in Sections 19–03.1–05 and 19–03.1–23 of the North Dakota Century Code. They made motions to suppress evidence seized at a home which they occupied. After a hearing, the trial court granted the motions to suppress. The State filed a notice of appeal, and urges in this court that it has a right to appeal from the order of suppression. The defendants contest this claim, asserting that the State has no right to appeal from an order of suppression, since such orders are not described in Section 29–28–07, N. D.C.C., which specifies the cases in which the State has a right of appeal. That statute reads as follows:

"An appeal may be taken by the state from:

"1. An order quashing an information or indictment or any count thereof;

"2. An order granting a new trial;

"3. An order arresting judgment; or

"4. An order made after judgment affecting any substantial right of the state."

Both sides argued and briefed the merits of the order suppressing the evidence. Although we could decide this case on the issue of appealability only, since both sides seek a decision on the merits, and to avoid a fruitless trial, we also rule on the merits.

The order suppressing evidence was based upon testimony of one of the deputy sheriffs who made a search of a farm home occupied by the two defendants, as well as upon the affidavit upon which a subsequent search warrant was based. The circumstances leading up to the issuance of the search warrant are summarized in the affidavit as follows:

"A reliable informant who has given reliable information on criminal offenses before within the past week, informed affiant that 'pot parties' were being held on the premises described. Affiant went to the farm house and walked up to the door. He saw what he believed to be marijuana 'roaches' on the door step. Affiant was met at the door by defendant Trappen and asked affiant what he wanted. Affiant identified himself as a deputy sheriff and asked permission to enter. Def. refused affiant permission. Affiant saw defendant [Iverson] in house through the open door and proceed[ed] to enter so that no evidence could be destroyed. Upon passing through the porch entrance, affiant saw other narcotics paraphernalia. Upon entry into the house, affiant saw in plain view ash tray with what was believed marijuana. Affiant walked through other rooms to make sure that no person was on the premises who could destroy the contraband. Defendants were then taken outside and the premises secured until a search warrant could be obtained. On the way out of the house, affiant saw a pipe in open view and seized it. The pipe is of the type commonly used for smoking marijuana. Defendants rent the premises described above from Arvil Lerud."

The officer testified consistently with his affidavit at the hearing on the motions to suppress.

It is abundantly clear from the affidavit and the testimony that the only bases for the search of a private home were (1) the claimed presence of a marijuana "roach" on the doorstep outside a closed porch, (2)

information from a reliable informant that "pot parties" had been held on the premises, and (3) that the officer saw a second occupant of the house through the door and feared that evidence might be destroyed if he did not immediately enter the house.

It is also plain that a search was made without a warrant, and prior to any arrest.

After the warrantless search, the officer contacted the State's Attorney, who went to the scene, told the officer to arrest the two defendants, and recommended obtaining a search warrant, and one was obtained on the basis of the affidavit quoted above. Another search thereupon was made, and various items of contraband were seized.

We have recently commented, in State v. Matthews, 216 N.W.2d 90 (N.D.1974), on the general rule that searches without warrants are constitutionally forbidden, and on the few specific exceptions to the rule.

The officer may have had sufficient ground to take possession of the "roach" on the front step, under the "plain view" exception to the general rule [see Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)], but there is no evidence to support any claim that any other articles seized were in plain view prior to the illegal search of the house. Similarly, if the officer had made an arrest of defendant Trappen when he came to the door, he would have had the right to search Trappen incident to the arrest (provided the arrest was made on probable cause) and to search any area within his immediate reach or control, but the right to make such a search would not extend to the house. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

█ A belief, however well founded, that contraband is concealed within a dwelling house furnishes no justification for a search without a warrant. Chapman v. United States, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961); Jones v. United

States, 357 U.S. 493, 78 S.Ct. 1253, 2 L. Ed.2d 1514 (1958); Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed 145 (1925).

■ A search unlawfully undertaken is not made valid by evidence of crime which it brings to light. Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); Johnson v. United States, 333 U. S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); Byars v. United States, 273 U.S. 28, 47 S. Ct. 248, 71 L.Ed. 520 (1927).

■ Evidence obtained by unconstitutional search and seizure is inadmissible. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); State v. Matthews, *supra*.

■ The search warrant itself was obtained as a result of the prior illegal search by the officer. Some courts have appeared to hew to a rule that a search warrant based in part on illegally obtained information is valid if the untainted information is sufficient to authorize issuance of the warrant [James v. United States, 135 U.S.App.D.C. 314, 418 F.2d 1150 (1969); United States v. Sterling, 369 F. 2d 799 (CA3 1966); Chin Kay v. United States, 311 F.2d 317 (CA9 1962); United States v. Nelson, 459 F.2d 884 (CA6 1972)]. In the present case, the information validly obtained [informer's assertion that "pot parties" had occurred plus officer's claim of having seen one (testimony) or two (affidavit) marijuana "roaches" on front step] was insufficient to justify a search of a dwelling house. The information as to the "pot parties" received from the "reliable" unidentified informer was not cognizable by the magistrate because:

"Where the affidavit states that the informer is reliable, it must give further information as to the circumstances upon which the informant based his conclu-

sions . . . ." State v. Dove, 182 N. W.2d 297, 301 (N.D.1970).

■ We further hold that the State has no right to appeal from the order suppressing the evidence. The State's Attorney points to no statutory authority, but argues that such an order, under the circumstances of this case, is equivalent to "an order quashing the information," since he cannot proceed without the suppressed evidence. But the fact remains that he could proceed if he had any other evidence to support the charge. To take obvious examples, if he had confessions of one or both defendants, or eyewitness testimony of third parties such as the informant referred to in the affidavit, he could proceed without the suppressed physical evidence.

It would be well for the Legislature to adopt a statute giving the State a right to appeal from an order suppressing evidence in cases where the State's Attorney certifies that he cannot proceed without the suppressed evidence. Such statutes are not uncommon. For examples, see the United States and Minnesota statutes, 18 U.S.C. § 3731 and M.S.A. § 632.11.

The State's Attorney called to our attention no case where an order suppressing evidence was ever appealed to this court. The only decision arguably in point is State v. Allesi, 211 N.W.2d 733 (N.D. 1973), where we held that an order of the trial court which dismissed the case at the close of the State's evidence was one which "in effect quashed the information." But in *Allesi*, the effect of the action taken by the court was to dismiss the entire case, while here there is no such order and the court merely suppressed evidence, leaving the State free to proceed with the case if it had any other admissible evidence to support the charge. An order which on its face, without more, has the effect of quashing an information, is appealable. An order suppressing evidence is not.

Appeal dismissed.

ERICKSTAD, C. J., and PAULSON, J., concur.

KNUDSON, Judge (concurring and dissenting).

I concur in the dismissal of the appeal for the reason that the state has no right to appeal from an order suppressing evidence under Section 29–28–07, but I dissent from the other portions of the decision.

TEIGEN, Judge (concurring and dissenting).

I concur in the dismissal of the appeal, however I dissent as to the advisory part of the opinion. I have not in the past and I do not now agree with the exclusionary rule of evidence imposed upon the state by the U. S. Supreme Court through the 14th Amendment to the U. S. Constitution. Several recent cases of the U. S. Supreme Court have eroded the rule and I think it is only a matter of time until it will be reversed.