STATE of North Dakota, Plaintiff
and Appellant,

v.

Richard T. SWANSON, Defendant
and Appellee.

Cr. No. 1230.

Supreme Court of North Dakota.

May 28, 1987.

Bruce D. Quick, Deputy Atty. Gen., Office of the Attorney General, Bismarck, for plaintiff and appellant.

Alan J. Larivee, Grand Forks, for defendant and appellee.

ERICKSTAD, Chief Justice.

The State appeals from an order of the County Court of Walsh County entered on October 31, 1986, dismissing the criminal complaint against Richard T. Swanson charged with reckless endangerment in violation of Section 12.1–17–03, N.D.C.C.

Swanson was served with the criminal complaint on October 10, 1986. The complaint states that:

"Swanson, recklessly created a substantial risk of serious bodily injury or death to another human being to-wit: said Defendant recklessly created a substantial risk of serious bodily injury or death to Duane Phillip Bercier and Carl John St. Claire by shooting a rifle at a vehicle driven by Bercier, accompanied by St. Claire."

The record contains no other facts apart from what is stated in the criminal complaint. The State's attorney in approving the complaint described. the charge as a class A misdemeanor.[1]

On October 15, 1986, Swanson appeared with his attorney before the county court for arraignment. However, before the court would accept a plea by Swanson, the court requested briefs from the parties on the significance, if any, of the North Dakota Constitutional provision on the right to keep and bear arms.

Following oral argument on October 31, 1986, the county court entered an order dismissing the criminal complaint with these words:

"The briefs of the attorneys have been read. The prosecution's brief, although interesting, did not discuss the issue at hand.

"The only question is whether the prosecutor can ignore the North Dakota Constitution when filing criminal charges.

"It is the position of this court that the Constitution can only be amended by a vote .of the people. It can not be changed by the Legislature, by the Courts, nor by being ignored by a prosecutor.

---

1. Section 12.1–17–03, N.D.C.C., reads as follows:
   "*12.1–17–03. Reckless endangerment.* A person is guilty of an offense is he creates a substantial risk of serious bodily injury or death to another. The offense is a class C felony if the circumstances manifest his extreme indifference to the value of human life. Otherwise it is a class A misdemeanor. There is risk within the meaning of this section if the potential for harm exists, whether or not a particular person's safety is actually jeopardised."

"Whether certain statutes are or are not constitutional at the present time is not part of the issue at hand and seems to have been interjected for the purpose of avoiding a discussion of the issue.

"Article I, Section 1, of the North Dakota Constitution very clearly and unequivocably states that all individuals have a right to protect their property and a right to bear arms for the purpose of protecting their property. The Constitution further states that this right shall not be infringed.

"The Prosecutor has not considered the implications of these provisions of the Constitution prior to filing criminal charges in this case."

In effect the county court has, on its own motion, dismissed the criminal complaint charging Swanson with reckless endangerment believing the complaint to be insufficient to support such a charge in light of our recent constitutional amendment which gives an individual the right to keep and bear arms for defense of person and property.

Prior to 1984, Article 1, Section 1, of the North Dakota Constitution read as follows:

"All men are by nature equally free and independent and have certain inalienable rights, among which are those of enjoying and defending life and liberty; acquiring, possessing and protecting property and reputation; and pursuing and obtaining safety and happiness."

On November 6, 1984, this provision of our Constitution was amended and re-enacted through an initiated measure which was approved by our people to read:

"All individuals are by nature equally free and independent and have certain inalienable rights, among which are those of enjoying and defending life and liberty; acquiring, possessing and protecting property and reputation; pursuing and obtaining safety and happiness; and to keep and bear arms for the defense of their person, family, property, and the state, and for lawful hunting, recreational, and other lawful purposes, which shall not be infringed." 1985 N.D. Laws 702.

In light of the fact that the criminal complaint on its face supports a charge of reckless endangerment, which has been described by the State's attorney as a class A misdemeanor, and no evidence has been received in the case through affidavits or testimony to disprove the allegations of the complaint, the court clearly erred in dismissing the complaint.

In *State v. Hanson*, 252 N.W.2d 872, 873–74 (N.D.1977), this Court concluded that an order of the district court dismissing a criminal complaint was an appealable order. We explained our conclusion as follows:

"We have repeatedly held that orders dismissing complaints are appealable under subsection 1 of Section 29–28–07, N.D.C.C., which provides:

'An appeal may be taken by the state from:

'1. An order quashing an information or indictment or any count thereof; ...'

*State v. Jelliff*, 251 N.W.2d 1 (N.D.1977); *State v. Howe*, 247 N.W.2d 647 (N.D. 1976); *State v. Iverson*, 219 N.W.2d 191 (N.D.1974); and *State v. Allesi*, 211 N.W.2d 733 (N.D.1973). As these cases explain, Rule 12, N.D.R.Crim.P., purported to abolish the quashing of informations, but provided in its place a motion to dismiss. The effect of the motion to dismiss is the same as the effect of the former motion to quash. We held that the two were substantially equivalent and that an order which on its face, without more, has the effect of quashing an information, is appealable. *State v. Howe, supra; State v. Iverson, supra.* We have also held that, under our law, informations and complaints are substantially the same and that a motion to dismiss a complaint is equivalent to a motion to dismiss an information. *State v. Hart*, 162 N.W.2d 499 (N.D.1968). We have also held that a complaint, as commonly used in this State, complies with all requirements of an information under our Constitution and statutes. *State v. Buehler*, 125 N.W.2d 155 (N.D.1963). We therefore hold that a motion to dis-

miss a complaint is equivalent to a motion to quash an information, regardless of the court in which it was originally filed, and on this point we reverse *State v. Bauer,* 153 N.W.2d 895 (N.D.1967)."

*See also State v. O'Boyle,* 356 N.W.2d 122 (N.D.1984).

As the county court must have relied on information not in the record, and as the constitutional question which precipitated the court's action cannot be resolved apart from the facts which are yet to be determined, this case must be reversed and remanded for further proceedings. *See Hospital Services, Inc. v. Brackey,* 283 N.W.2d 174 (N.D.1979); *Benson v. North Dakota Workmen's Comp. Bureau,* 250 N.W.2d 249 (N.D.1977).

The order of the county court dismissing the criminal complaint charging Swanson with reckless endangerment is reversed and the case is remanded for further proceedings.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.