STATE of North Dakota, Plaintiff and Appellant,

v.

Douglas NESET, Defendant and Appellee.

Crim. No. 900203.

Supreme Court of North Dakota.

Oct. 31, 1990.

---

Jonathan R. Byers (argued), Asst. State's Atty., Stanley, for plaintiff and appellant.

Schoppert Law Firm, Minot, for defendant and appellee; Thomas K. Schoppert (argued).

ERICKSTAD, Chief Justice.

The State of North Dakota appeals from an Order Granting Defendant's Motion to Dismiss issued on May 3, 1990, by the County Court for Mountrail County. We reverse.

On December 3, 1989, Douglas Neset was stopped by the North Dakota Highway Patrol, and thereafter cited for driving under the influence of alcohol. A trial by jury was commenced on May 3, 1990. At trial, after examination of the arresting officer, Neset moved to "dismiss and suppress" under Rule 12(b) of the North Dakota Rules of Criminal Procedure. The basis for the motion was that the arresting officer did not have an articulable reason to stop the defendant's automobile. The state resisted the motion arguing that the motion was untimely and that the motion failed on the merits. Neset countered the untimeliness argument by claiming that the testimony of the arresting officer at trial differed from the arresting officer's testimony at the administrative hearing.

On appeal Neset's counsel claims that the testimony of the officer at the administrative hearing led him to believe that the officer had an articulable reason to stop Neset's vehicle, whereas the testimony of the officer at trial established that the officer did not have an articulable reason to stop Neset's vehicle. Because of the alleged misleading testimony at the administrative hearing, he asserts that Neset should be granted relief from any waiver resulting from the failure to raise the motion prior to trial.

Neither party offered proof concerning the issue of whether or not "just cause" existed to relieve Neset from a waiver pursuant to N.D.R.Crim.P. 12(f). The trial court granted Neset's motion to dismiss from which the State appeals.

The pertinent part of Rule 12 of the North Dakota Rules of Criminal Procedure follows:

"(b) *Pretrial Motions.* Any defense, objection, or request which is capable of determination without the trial of the

general issue may be raised before trial by motion. The following must be raised prior to trial:

(1) Defenses and objections based on defects in the institution of the prosecution;

(2) Defenses and objections based on defects in the indictment, information, or complaint other than that it fails to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding;

(3) Motions to suppress evidence on the ground that it was illegally obtained;

\*　　\*　　\*　　\*　　\*　　\*

"(c) *Motion Date.* At the time of the arraignment or as soon thereafter as practicable, the court may set a time for making pretrial motions and, if required, a later date for hearing.

\*　　\*　　\*　　\*　　\*　　\*

"(f) *Effect of Failure to Raise Defenses or Objections.* Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to Subdivision (c), or prior to any extension thereof made by the court, *shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver.*" (Emphasis added.)

We have previously recognized that N.D.R.Crim.P. 12(f) is modeled after Rule 12(f) of the Federal Rules of Criminal Procedure. *State v. Valgren,* 411 N.W.2d 390, 392 (N.D.1987); *State v. Demery,* 331 N.W.2d 7, 14 n. 8 (N.D.1983). *See generally,* N.D.R.Crim.P. 12(f) (explanatory note) ("[s]ubdivision (f) follows the federal rule"). *Compare* N.D.R.Crim.P. 12(f) *with* Fed.R.Crim.P. 12(f). Because of the similarity between our rule and the federal rule, we find the decisions of the federal courts', which construe the federal rule, to be highly persuasive, although we do recognize that we are not compelled to interpret our procedural rules in an identical manner as the federal courts interpret the corresponding federal rule. *Valgren,* 411 N.W.2d at 393. *See, e.g. State v. Morris,*

316 N.W.2d 80 (N.D.1982); *State v. Hamann,* 262 N.W.2d 495 (N.D.1978). *See also, Hamilton v. Hamilton,* 410 N.W.2d 508, 512 (N.D.1987) (recognizing the persuasiveness of federal decisions where North Dakota Rules of Civil Procedure are similar to the Federal Rules of Civil Procedure).

The failure to make a motion which is required to be made prior to trial pursuant to N.D.R.Crim.P. 12(b) operates as a waiver of that motion under N.D.R.Crim.P. 12(f). *Valgren,* 411 N.W.2d at 393; *State v. Goehring,* 374 N.W.2d 882, 885 (N.D. 1985); *Demery* 331 N.W.2d at 13. *See generally,* 8 R. Cipes, Moore's Federal Practice ¶ 12.03[2] (Rel.1990). Neset failed to move to "suppress and dismiss" prior to the trial and therefore must be considered to have waived his opportunity to raise this defense. However, relief from this waiver may be granted by the trial court in its discretion, under Rule 12(f), if the movant can establish "cause" as to why relief should be granted. *Valgren,* 411 N.W.2d at 393 (citing *United States v. Slocum,* 708 F.2d 587 (11th Cir.1983); *United States v. Mangieri,* 694 F.2d 1270 (D.C.Cir.1982); *United States v. Echols,* 577 F.2d 308 (5th Cir.), *cert. denied,* 440 U.S. 939, 99 S.Ct. 1288, 59 L.Ed.2d 499 (1978)).

■ Neset's motion was granted by the trial court. In the trial court's findings for the order dismissing the complaint the trial court said:

"Although this Court is aware that pursuant to Rule 12 NDRCrimP, this may have been a motion that the defendant should have made prior to trial, this Court was willing to waive such time restriction based upon defendant's attorney's argument that there was a difference in testimony regarding the matter of defendant's driving at trial from the administrative hearing."

Neset did not offer any evidence at the trial that the testimony of the officer was actually different at trial from what it was at the administrative hearing, nor did Neset make an offer of proof. The allegation by defense counsel that "the testimony at the administrative hearing is slightly dif-

ferent that [sic] we've anticipated that actually has been developed at trial" was disputed by counsel for the State who asserted "the testimony given today as to the driving is—is exactly the same as it was during the administrative hearing."

Our review of the trial court's decision to grant or deny relief from the waiver imposed by a failure to timely raise a motion is limited to a determination of whether or not the trial court abused its discretion. *Valgren*, 411 N.W.2d at 393, 394; *United States v. Leal*, 831 F.2d 7, 10 (1st Cir.1987). *See generally*, 8 R. Cipes, Moore's Federal Practice ¶ 12.03[2] (Rel. 1990). We conclude that it was an abuse of discretion to grant relief from the waiver under the circumstances.[1]

Our determination that the trial court abused its discretion in granting relief from the waiver imposed by N.D.R.Crim.P 12(f) raises the following questions: (1) Should the merits of the motion be considered on appeal? (2) Should Neset be allowed to reassert his motion and support it with evidence of cause on remand? and (3) Would a remand for new trial expose him to double jeopardy?

We have previously noted:
"that several federal courts of appeal have considered the merits of an untimely suppression motion if the district court had done so, holding that the district court, in essence, had determined that just cause had been shown. *United States v. Soto*, 591 F.2d 1091 (5th Cir.), *cert. denied*, 442 U.S. 930, 99 S.Ct. 2862, 61 L.Ed.2d 298 (1979); *United States v. Banks*, 687 F.2d 967 (7th Cir.1982);

*United States v. Contreras*, 667 F.2d 976 (11th Cir.), *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). However, other courts of appeal have refused to consider the merits of a suppression issue even though the district court considered the issue. *United States v. Worthington*, 698 F.2d 820 (6th Cir.1983); *United States v. Baker*, 638 F.2d 198 (10th Cir.1980)."
*Valgren*, 411 N.W.2d at 394 n. 1. *See generally*, 8 R. Cipes, Moore's Federal Practice ¶ 12.03[2] (Rel.1990). As we have indicated earlier herein, the record indicates that the trial court abused its discretion in granting relief from the waiver imposed by N.D.R.Crim.P. 12(f) by relying only upon the naked assertions of defense counsel. Having concluded that the motion was untimely raised and that cause for relief from the waiver was not shown, we deem it inappropriate to address the merits of Neset's motion to "suppress and dismiss."

Relative to the second question, Neset failed to timely move to "suppress and dismiss" prior to trial, and, although he was given a second opportunity to make the motion at trial, he failed to show cause why the motion should be granted. We do not believe that a third opportunity to make the motion is warranted.

Although alluded to briefly by counsel for Neset in oral argument, the issue of double jeopardy was not raised in his brief on appeal. Consistent with our action in *State v. Allesi*, 211 N.W.2d 733, 735 (N.D. 1973) we will not consider the double jeopardy issue at this time.[2] In *Allesi*, we said:

---

1. We have not been presented with the question of whether or not inconsistent testimony can serve as a proper basis for granting relief from a Rule 12(f) waiver. Instead, we are presented with the question of whether such relief can be granted on the basis of naked assertions by the moving party.

2. The issue of double jeopardy in *State v. Allesi*, 211 N.W.2d 733, 735 (N.D.1973) was subsequently properly brought before this Court. *State v. Allesi*, 216 N.W.2d 805 (N.D.1974) (hereinafter *Allesi II*). In *Allesi II*, we noted that the double jeopardy clause of the Fifth Amendment to the United States Constitution, as applied to the states through the due process clause of the

Fourteenth Amendment to the United States Constitution, "does not prohibit retrial in every instance when the first trial has terminated prior to a verdict." *Id.* at 814. In *Allesi II*, the majority of the Court said:
"In this case the trial judge's action dismissing the charge was precipitated by defense counsel's motion to advise the jury to acquit, relief we have decided the defendant was not entitled to. The judge's action was the result of defense counsel's initiative and was taken without objection by defense counsel. It is our view that since the defendant was not entitled to the relief he received (a dismissal) nor to the relief he sought (an advised verdict)

"Whether upon a successful appeal by the State and a remand of the case for a new trial the defendant may successfully assert that he was then placed twice in jeopardy in violation of the Fifth Amendment to the United States Constitution, we need not determine at this time. This issue can be more carefully considered if and when it is raised and properly briefed."

*Id.* at 735.

For the reasons stated herein we reverse the trial court's dismissal of the complaint and remand the case for a new trial consistent with this opinion.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

and since he made no objection to the relief he received, the defendant waived his right to assert the defense of double jeopardy and must now stand trial."

 *Id.* at 815.