**Phil MORGAN, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. P–83–642.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1984.

Lee Cate, Cate & Martin, Norman, for petitioner.

Wesley G. Gibson, Asst. Dist. Atty., Cleveland County, Norman, for respondent.

## OPINION

CORNISH, Judge:

Petitioner seeks a writ of prohibition from this Court barring the respondents from entertaining further proceedings under Rule VI. The central issue is whether notice of intent to appeal in open court at the time of the ruling or order of the magistrate is essential to the invocation of Rule VI review by the State. Upon consideration of the briefs of the parties, and the presentations at oral argument, we conclude that the writ should be granted.

Petitioner, Phil Morgan, was charged in Cleveland County District Court, Case No. CRF–83–570, with Unlawful Disposal of Encumbered Property in violation of 21 O.S.1981, § 1834. At the conclusion of the

preliminary hearing, the magistrate sustained a motion to dismiss based on the insufficiency of the State's evidence. The State failed to express an intent to appeal the ruling under Rule VI, 22 O.S.1981, Ch. 18, App., and the magistrate entered a final order discharging the petitioner and exonerating his bond.

The State subsequently communicated to the magistrate its intent to seek review under Rule VI. The magistrate denied a motion to reconsider its ruling, but permitted the State to enter belated notice of intent to appeal. This occurred three days after the order discharging the petitioner.

 Rule VI provides in pertinent part that "[a]t the time the adverse ruling or order is made by the magistrate, the State shall, in open court, give notice of its intention to appeal the decision." Rule 6.1, 22 O.S.1981, Ch. 18, App. Rules of court should be construed using the same rules of construction as statutes, and the intention of the framers, when ascertained, should control. *See, Carlile v. National Oil & Development Co.,* 83 Okl. 217, 201 P. 377 (1921). The plain function of the notice requirement is to trigger certain duties of the magistrate. After setting out the notice requirement, Rule 6.1 states:

The magistrate shall enter the notice in the proper court docket, continue the preliminary hearing, and retain the accused on his/her present bond, (or if he/she be in custody, return the accused to custody).

The importance of the retention of the accused on bond or in custody during the pendency of review proceedings is manifest: retention of the accused in actual or constructive custody assures that he or she will be available to satisfy the ultimate judgment of the reviewing courts. Absent such availability, the right of review afforded the State under Rule VI could be rendered wholly ineffectual.

 The requirement that the magistrate continue the preliminary hearing during the pendency of review proceedings is also crucial to the Rule VI scheme. Under *Claghorn v. Brown,* 505 P.2d 998 (Okl.Cr.

1973), a magistrate may not, on his own motion or that of the State, reacquire jurisdiction over a case after a bindover order is entered transferring the matter to the trial court. We quoted with approval from *People v. Bomar,* 73 Cal.App. 372, 238 P. 758 (1925):

'If the magistrate, in the consideration of such (preliminary hearing) testimony, arrives at and pronounces an erroneous conclusion as to the crime committed thereby, it is on his part a judicial error which is beyond his power to correct.'

\*　　\*　　\*　　\*　　\*　　\*

'At the conclusion of the examination, the law requires that if it appears to the magistrate that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, he must make or indorse on the complaint an order signed by him to that effect. In making this order, the magistrate has exhausted all the power in the premises with which he has been invested by law. Any attempt on his part thereafter to modify this order, *either under the direction of the superior court* or upon his own motion, except to correct the same in matter of form, is beyond his power and jurisdiction.'

at page 760 of 238 P. (Emphasis added.) 505 P.2d at 1001.

No ground appears for distinguishing the power of the magistrate to reopen after a commitment order, and the power to reopen after a discharge order. The statutes are complementary. See 22 O.S.1981, § 262 (discharge), and § 264 (holding to answer).

 In making a commitment or discharge order, the magistrate exhausts all the power in the premises with which he or she has been invested by law: "Any attempt on his part thereafter to modify this order, either under the direction of the superior court or upon his own motion, except to correct the same in matter of form, is beyond his power and jurisdiction."

Should a reviewing district judge or associate district judge decide that a magis-

trate's ruling is erroneous, Rule 6.5 requires that "the judge shall remand the cause to the magistrate with directions to enter a proper order." In our view, the requirement of a continuance of the preliminary hearing was intended to assure that the magistrate would retain the power to comply with any order on review.[1]

■ In the case at bar, the State failed to give timely notice of intent to appeal as required by Rule 6.1. As a result, the magistrate did not retain the accused in custody, nor continue the preliminary hearing, but rather entered a final order discharging the accused. The State failed to comply with the requirements of Rule VI, and the writ should issue.

■ Accordingly, the respondents are prohibited from entertaining further Rule VI proceedings concerning the order under review, without prejudice to the refiling of the charge under *Jones v. State*, 481 P.2d 169 (Okl.Cr.1971). Refiling under *Jones* and appeal under Rule VI are alternative modes of procedure for the State. *Chase v. State*, 517 P.2d 1142 (Okl.Cr.1973). Failure to comply with Rule VI does not preclude the right to refile. *Lampe v. State*, 540 P.2d 590 (Okl.Cr.1975).

BUSSEY, P.J., concurs.

BRETT, J., concurs.

---

1. The importance of a continuance is underscored by *State v. Frazier*, 563 P.2d 656 (Okl.Cr. 1977), which holds that, where the State gives timely notice of intent to appeal, the magistrate must order a continuance; the entry of an order purporting to dispose of the matter is without authority, and void.