Daniel ST. ONGE and Caroline St. Onge, Appellants,

v.

Richard A. ELKIN, Bruce Hagen and Leo Reinbold, as members of the North Dakota Public Service Commission, and Northern States Power Company, a Minnesota Corporation, Appellees.

Civ. No. 10901.

Supreme Court of North Dakota.

Oct. 28, 1985.

Myer R. Shark (argued), Fargo, John Stockman, Minneapolis, Mn., for appellants.

Ray H. Walton, Asst. Atty. Gen., Commerce Counsel, North Dakota Public Service Com'n, Bismarck, for appellee North Dakota Public Service Com'n.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for appellee Northern States Power Co.; argued by R.W. Wheeler; appearance by Gene R. Sommers, Minneapolis, Mn.

LEVINE, Justice.

Daniel and Caroline St. Onge appeal from a district court judgment affirming an order of the Public Service Commission (PSC) relating to natural gas rates of Northern States Power Company (NSP). We dismiss the appeal on the ground that it is moot.

During October 1981, NSP filed with the PSC a request for increased rates on its retail natural gas service in North Dakota. The St. Onges intervened in the proceedings and requested the PSC to direct NSP to calculate its rates for cost of purchased gas on a company-wide or "rolled-in" basis. In its July 1982 order, the PSC allowed NSP a portion of its requested rate increase, but the PSC denied the St. Onges' motion for rolled-in rates.

On appeal, the St. Onges request this Court to reverse and remand the case to the PSC with directions "to order NSP to use their company-wide cost of purchased gas as the cost-of-purchased gas component when calculating natural gas rates for its North Dakota natural gas customers."

The PSC asserts that events which occurred while the St. Onges' appeal was pending before the district court have effectively rendered the issues raised on this appeal moot, warranting dismissal of the appeal. We agree.

Prior to November 1984, NSP purchased its natural gas from two pipeline companies, Northern Natural Gas Company and Midwestern Gas Transmission Company. NSP purchased imported Canadian gas from Midwestern at a higher price than it was able to purchase domestic gas from Northern Natural. As a result, NSP's retail customers who received the Canadian gas paid higher natural gas rates than NSP's customers who received the domestic gas.

It is undisputed that as a result of a stipulation and agreement before the Federal Energy Regulatory Commission and an order of the PSC, effective November 1, 1984, NSP currently receives its entire natural gas supply from Northern Natural, in effect integrating NSP's natural gas system, resulting in natural gas rates for NSP's North Dakota customers which are calculated on a company-wide basis. Thus, through the agreement and PSC order which occurred while this case was pending before the district court, the St. Onges have received the very relief they are now asking this Court to provide.

It is well settled that this Court will not issue advisory opinions, and an appeal will be dismissed if the issues therein become moot or academic, leaving no actual controversy to be determined. *Peoples State Bank v. State Bank of Towner,* 258 N.W.2d 144 (N.D.1977). An appeal becomes moot when, due to the lapse of time or the occurrence of events prior to the appellate court's determination, the appellate court is unable to render effective relief. *Gasser v. Dorgan,* 261 N.W.2d 386 (N.D.1977). In prior decisions, this Court has stated that a moot issue will.be determined only if it is of such great public interest and the real merits of the controversy are so unsettled that public policy demands a determination of the issue. *E.g., Gasser v. Dorgan,* 261 N.W.2d 386 (N.D.1977). This is not such a case.

It is conceded that NSP's current natural gas system is operating on an integrated basis with rates calculated on a company-wide cost-of-gas basis. The St. Onges have not requested a refund of past payments for natural gas from NSP, and they are no longer NSP customers. Nevertheless, the St. Onges seek "a declaration from this Court which will protect North Dakota NSP customers in the future" and "a precedent in this Court that no matter what the world and domestic energy scene may contain in the future, all of their [NSP's] customers will participate in the benefits and burdens of NSP's natural gas supply in the same proportion that they provided NSP's revenue." We conclude that the following declaration of this Court in *Towner, supra,* is fully applicable in this case:

> "Although these issues may arise in the future under similar circumstances, this court does not have the power to render purely advisory opinions." 258 N.W.2d at 146.

The St. Onges also urge that we use this case as a vehicle to overrule *Northern States Power Company v. Hagen,* 314 N.W.2d 278 (N.D.1982). In *Hagen, supra,* this Court set forth a "benefits and fair-ness" test for determining when it is proper to allow or require a utility to average its gas supply costs in setting rates. It would serve no useful public purpose to discuss the application of the *Hagen, supra,* test in a hypothetical fact situation or a fact situation which may have existed in the past but which does not currently exist. Any attempt at doing so would constitute a purely advisory opinion of little or no benefit to the parties or the public.

We would do grave injustice to the doctrine of stare decisis were we to reexamine *Hagen, supra,* in a case such as this, where the very relief sought from this Court (*i.e.* rolled-in natural gas rates) currently exists without benefit or need of this Court's intervention.

Accordingly, this appeal is dismissed.

ERICKSTAD, C.J., MESCHKE and GIERKE, JJ., and PEDERSON,* Surrogate Justice, concur.