Richard J. BACKES, Highway Commissioner for the State of North Dakota, Plaintiff and Appellant,

v.

Eileen BYRON and Louis V. Byron, d/b/a Byron's Construction, Defendants and Appellees.

Civ. No. 890034.

Supreme Court of North Dakota.

July 18, 1989.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for plaintiff and appellant, argued by Murray G. Sagsveen, Sp. Asst. Atty. Gen.

Richard L. Burns, Glendive, Mont., for defendants and appellees.

GIERKE, Justice.

Plaintiff Richard J. Backes, Highway Commissioner for the State of North Dakota, appeals from the district court order denying the North Dakota Highway Department's motion for a preliminary injunction. We hold that the appeal is moot and, accordingly, dismiss the appeal.

The Highway Department awarded a $2,255,925.00 contract to Byron's Construction for the reconstruction of 12.277 miles of State Highway No. 3 north of Rugby, North Dakota.[1] The reconstruction involved the widening and resurfacing of the highway. Byron's Construction started the reconstruction project in the spring of 1986 and completed the work on September 11, 1987, at which time the Highway Department accepted the project.

Byron's Construction submitted a claim on October 29, 1987, for an equitable adjustment which the Highway Department denied.[2] The claim was based upon the total costs incurred by Byron's Construction for the reconstruction project.

Byron's Construction, pursuant to Section 24–02–27 of the North Dakota Century Code,[3] served the Highway Department

---

1. In 1985, Byron's Construction successfully bid on highway construction project number F-3-003(04)203 Contract # 2.

2. On October 29, 1987, Byron's Construction submitted a claim for $381,593.00. The Highway Department denied the claim. On January 4, 1988, the claim had mushroomed to $1,238,875.00 (claim items 1–4 = $615,875.00 and claim item 5 = $623,000.00) when the incomplete demand for arbitration was submitted. The claim was later trimmed to $1,192,523.00 (claim items 1–4 = $569,523.00 and claim item 5 = $623,000.00) when Byron's Construction finally submitted the certification.

3. Section 24–02–27, N.D.C.C., provides as follows:

"24–02–27. Arbitration demand—District court may appoint arbitrators if parties fail—Arbitration pool. The party desiring arbitration shall make a written demand therefor and in such demand shall name the arbitrator by him selected. He also in such demand shall set forth all the controversies and claims which he desires to submit to arbitration and a concise statement of his claims with reference to each controversy. Such demand shall be served upon the opposite party, who, within ten days, shall name in writing the arbitra-

tor on his part, and in connection therewith shall set forth in writing his contentions with reference to the claims set forth in the demand served upon him and any additional claims or controversies which he desires to submit to arbitration on his part, with a concise statement of his claims in connection therewith. If the party proceeded against shall fail or refuse to name an arbitrator, the moving party may apply ex parte to the judge of the district court of the county in which the improvement in the contract in question, or any part thereof, may be located, for the appointment of the two additional arbitrators, and if upon the appointment of an arbitrator by each of the parties, the two so appointed have been unable to agree upon a third arbitrator within five days, then either party to the controversy, upon five days' notice, may apply to such district court for the appointment of such third arbitrator.

"All arbitrators shall be selected from an arbitration pool which shall consist of fifteen members. The members of the pool shall be appointed by the governor. The governor shall select members to the arbitration pool from lists submitted by the society of professional engineers, the association of general contractors, and the commissioner. The gov-

with a demand for arbitration of the claims and controversies. The dispute was subsequently submitted to arbitration.

At the conclusion of the hearing, the arbitrators dismissed all of the claims against the Highway Department by Byron's Construction. The Highway Department made a motion in district court for entry of a judgment confirming the arbitrator's decision. Byron's Construction responded with a motion to vacate the decision of the arbitrators. The Highway Department's motion was granted and the motion of Byron's Construction was denied. Therefore, the arbitration decision in favor of the Highway Department was confirmed by the district court.

Byron's Construction appealed that decision to this Court. The subject matter of that appeal is presently before this Court in *Byron's Construction v. N.D. State Hwy. Dept.,* (Civil No. 880326).

Byron's Construction then submitted a second demand for arbitration. The Highway Department responded with a letter indicating that Byron's Construction had not complied with the statutory requirements concerning arbitration and that Byron's Construction was attempting to re-arbitrate previously considered claim items. Accordingly, the Highway Department did not designate a second arbitrator. Byron's Construction requested that the district court appoint the arbitrators. The Highway Department responded by filing a motion for a preliminary injunction against the initiation of the second arbitration proceeding. The district court rejected the Highway Department's motion for a preliminary injunction finding that there was a question of fact for the arbitration panel to determine, that being whether the demand submitted now entails issues already determined. The Highway Department appealed to this Court from the district court's denial of the motion for a preliminary injunction.

On appeal, the Highway Department raises the single issue of whether or not the district court properly refused to enjoin the second arbitration proceedings.

Generally, an appeal will be dismissed if the issue raised becomes moot or academic, leaving no actual controversy to be determined. *Rolette Educ. Ass'n v. Rolette Public School District No. 29,* 427 N.W.2d 812 (N.D.1988); *Williams v. State,* 405 N.W.2d 615 (N.D.1987); *St. Onge v. Elkin,* 376 N.W.2d 41 (N.D.1985). An appeal becomes moot when, due to the lapse of time or the occurrence of an event prior to the appellate court's determination, the appellate court is unable to render effective relief. *St. Onge v. Elkin, supra; Gasser v. Dorgan,* 261 N.W.2d 386 (N.D.1977).

In the instant case, we were informed by counsel that the second arbitration hearing was held on May 31, 1989, and that the final decision of the arbitrators was mailed to the parties on June 19, 1989.[4] We conclude that once the second arbitration panel held a hearing and rendered its decision this appeal became moot.

This Court has stated that a moot issue will be determined only if it is of such great public interest and the real merits of the controversy are so unsettled that public policy demands a determination of the issue. *St. Onge v. Elkin, supra; e.g., Gasser v. Dorgan, supra.* We do not believe that this is such a case.

Accordingly, we dismiss the appeal.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.

ernor shall not select more than five names from any one of the lists submitted. Members of the arbitration pool shall serve a term of two years starting on July 1, 1983. If any vacancy occurs for any reason, the governor shall fill the vacancy for the unexpired term in the same manner as the original selection."

4. We were also informed by counsel for Byron that a resistance to Backes' motion for entry of judgment pursuant to Section 32–29.2–12(2) of the North Dakota Century Code was filed. We do not believe the resistance makes this injunctive proceeding any less moot.