Christ WALKER, Petitioner
and Appellant,

v.

The Honorable Thomas J. SCHNEIDER,
Judge of the County Court of Burleigh
County by assignment, Respondent and
Appellee.

Civ. No. 910107.

Supreme Court of North Dakota.

Nov. 12, 1991.

Thomas M. Tuntland (argued), Mandan, for petitioner and appellant.

Paul C. Seado (argued), Asst. States Atty., Bismarck, for respondent and appellee.

MESCHKE, Justice.

Christ Walker appeals from the denial of his petition for a writ of scire facias, seeking to prohibit the State from proceeding against him on a second criminal complaint for the same offense after the first one had been dismissed for lack of probable cause. We remand for entry of an order consistent with this opinion.

The Burleigh County State's Attorney charged Walker under NDCC 12.1–20–03(1)(e) with the class B felony of gross sexual imposition.[1] After a preliminary hearing, the Burleigh County Court ruled that there was probable cause to believe that Walker had committed the crime. Walker was bound over to district court for trial and a criminal information was filed.

---

1. NDCC 12.1–20–03(1)(e) says:
 1. A person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if:
 \* \* \* \* \* \*
 e. He knows or has reasonable cause to believe that the other person suffers from a mental disease or defect which renders him or her incapable of understanding the nature of his or her conduct.

Walker then petitioned the district court for a writ of certiorari, asserting that the county court had exceeded its jurisdiction because the evidence presented at the preliminary hearing did not establish probable cause to believe that he had committed the crime. The district court agreed, concluding that the evidence did not establish probable cause to believe that the alleged victim was incapable of understanding the nature of the sexual conduct. Judgment granting the writ of certiorari was entered on October 11, 1990, and judgment was entered on October 17, 1990, dismissing the criminal information against Walker.

Meanwhile, on October 10, 1990, the State issued a second criminal complaint, charging Walker with gross sexual imposition for the same act alleged in the first complaint. Walker moved to dismiss that complaint, contending that the question of probable cause had been finally adjudicated, that the State had not produced any additional evidence, and that continuation of the prosecution violated his due process rights. The Burleigh County Court, the Honorable Thomas J. Schneider on assignment, denied Walker's motion to dismiss.

Walker then filed a "petition for scire facias" in district court against Judge Schneider to show cause why the judgments granting the writ of certiorari and dismissing the first criminal action against him should not be enforced to prohibit the State from proceeding on the second complaint. The district court denied the petition for writ of scire facias, concluding that NDCC ch. 32–13 "replaced the remedies formerly available under such a writ" and that the relief sought by Walker was not available under NDCC 32–13–03.[2] The district court said:

> I believe the ultimate issue raised is a double jeopardy argument. It seems clear to the Court that there is neither a

statutory nor a constitutional issue present. The rules clearly allow the bringing of another action by the state when a complaint is dismissed before a ruling is made on the merits.

Walker moved for reconsideration. The district court again denied Walker's petition, concluding that the prior judgments did not preclude the State from charging Walker with the same offense. Walker appealed.

After Walker appealed, Judge Schneider held a preliminary hearing on the second complaint and found that the evidence still failed to establish probable cause to believe that the victim of the alleged gross sexual imposition suffered from a mental disease or defect which rendered her incapable of understanding the nature of her conduct. Judge Schneider ordered that the second complaint be dismissed and that Walker be discharged. Because the second complaint has been dismissed, we consider whether this appeal is moot.

## I MOOTNESS

When questions raised in an appeal become moot, we generally dismiss the appeal. *Backes v. Byron*, 443 N.W.2d 621 (N.D.1989). An appeal is moot when an appellate court is unable to render effective relief due to the lapse of time or the occurrence of related events. *Pelkey v. City of Fargo*, 453 N.W.2d 801 (N.D.1990). However, we will not dismiss an appeal as moot where the controversy is one of great public interest and involves the power of public officials, or where the question is capable of repetition, yet evading review. *North Dakota Council of School Administrators v. Sinner*, 458 N.W.2d 280 (N.D.1990). "Public interest" means more than the interest of a particular locality; it means something that affects the legal rights or

2. NDCC 32–13–03 says:
 *Who may bring action against usurping officer.*—An action may be commenced by the state, or any person who has a special interest in the action, against the parties offending in the following cases:
 1. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office in a corporation created by the authority of this state.
 2. When any public officer, civil or military, shall have done or suffered an act which by the provisions of law shall make a forfeiture of his office.
 3. When any association or number of persons shall act within this state as a corporation without being duly incorporated.

liabilities of the public at large. *Pelkey v. City of Fargo; Forum Publishing Co. v. City of Fargo*, 391 N.W.2d 169 (N.D.1986). Under these criteria, we conclude that Walker's appeal is not moot.

Although the second complaint against Walker has been dismissed and apparently no charges are currently pending against him, the State asserts that, under NDRCrimP 5.1, it could issue a new complaint against him for the same crime. Walker's appeal questions the scope of a public prosecutor's power to charge a person with the same crime after the dismissal of a prior complaint for lack of probable cause. The possibility that Walker, or others, might face repeated criminal charges in like circumstances demonstrates a significant public interest in resolving this question. Under our rules of criminal procedure, that possibility is not merely localized but has statewide importance. This question affects the scope of a prosecutor's authority to enforce the laws of this state, and the legal rights of citizens at large. *State v. Liberty National Bank and Trust Co.*, 427 N.W.2d 307 (N.D.1988). Moreover, the time constraints for a preliminary hearing coupled with the State's belief that it may issue a new complaint instead of seeking review of a magistrate's adverse ruling on probable cause makes this question capable of repetition in a manner that will evade review. *Liberty National Bank*. Therefore, Walker's appeal is not moot.

## II RIGHT TO RELIEF

■ Relying on *State ex rel. Sathre v. Roberts*, 67 N.D. 92, 269 N.W. 913 (1936), Walker argues that the prior district court judgments granting the writ of certiorari and dismissing the criminal information are enforceable by a writ of scire facias and that NDCC ch. 32–13 did not replace the remedies available by that writ.[3] The State admits that there is a public policy favoring finality of judgments and acknowledges that a "writ of scire facias may be a viable means by which to enforce such judgments." We are doubtful that a writ of scire facias is the appropriate writ for this purpose, but we do not regard the label as determinative of the right to relief.

Here, Walker sought to enforce the prior judgments and to prohibit the State from prosecuting him for the same offense. Although the district court ruled that the relief sought by Walker was not available under NDCC 32–13–03, the court concluded that "[t]he rules clearly allow the bringing of another action by the state when a complaint is dismissed before a ruling is made on the merits" and that the prior judgments did not preclude the State from recharging the offense. Regardless of

---

**3.** NDCC 32–13–01 says that the "remedies formerly attainable by the writ of scire facias, the writ of quo warranto, and proceedings by information in the nature of quo warranto may be obtained by civil action in the district court under the provisions of this chapter."

In *State ex rel. Sathre v. Roberts*, 67 N.D. 92, 269 N.W. 913 (N.D.1936), we held that the predecessor of NDCC ch. 32–13 did not repeal or abolish the writ of quo warranto or the proceedings by information in the nature of quo warranto, but simply provided an additional or cumulative method in a civil action to obtain the remedies formerly attainable by that writ or information. The parties have cited no cases, and our research has disclosed none, in which this court has considered the use of a writ of scire facias in North Dakota.

Scire facias historically has been used for two separate purposes: (1) by a creditor to revive a dormant judgment [*Laubisch v. Roberdo*, 43 Cal.2d 702, 277 P.2d 9 (1954); Black's Law Dictionary 1346 (6th Ed.1991)], and (2) by the government to effectuate the forfeiture of a cor-

porate charter in cases where there was a legal existing corporate body which had abused or usurped its power. *People ex rel. Attorney General v. Dashaway Ass'n*, 84 Cal. 114, 24 P. 277 (1890); IX Holdsworth, A History of English Law, p. 66–67 (1966). Neither of those circumstances is present here.

In *Laubisch*, the California Supreme Court discussed the use of scire facias to revive a dormant judgment and explained that, at common law, a judgment was valid for twenty years but, after a year and a day from its entry, it could not be executed and it had to be revived by a writ of scire facias. *See* 49 CJS *Judgments* § 548 (1947).

In *Dashaway*, the California Supreme Court discussed the use of a writ of scire facias, writ of quo warranto, and information in the nature of quo warranto in cases involving unauthorized conduct by a corporation or its officers. *See also* IX Holdsworth. We have also permitted the use of quo warranto to contest title to an office. *State ex rel. Butler v. Callahan*, 4 N.D. 481, 61 N.W. 1025 (1895).

whether Walker's petition sought to enforce the prior judgments or to prohibit subsequent prosecutions, the district court's decision construed NDRCrimP 5.1 to command the denial of his request to prohibit the State from again prosecuting him for the same offense.

■ NDCC ch. 32–35–01 says that a writ of prohibition "arrests the proceedings of any tribunal, corporation, board, or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person." A writ of prohibition is an extraordinary remedy to prevent an inferior tribunal, board, or body from acting beyond its jurisdiction when there is not a plain, speedy and adequate remedy in the ordinary course of law. NDCC 32–35–02; *Old Broadway Corp. v. Backes*, 450 N.W.2d 734 (N.D.1990). We have allowed a writ of prohibition to attack the constitutionality of a statute under which a criminal prosecution was maintained [*State v. Hanson*, 252 N.W.2d 872 (N.D.1977)], and in an original proceeding to prevent contempt proceedings. *Schneider v. Ewing*, 310 N.W.2d 581 (N.D.1981). On the other hand, we have upheld refusals to allow a writ of prohibition in a criminal prosecution where the defendant could appeal the conviction. *Schneider v. Seaworth*, 376 N.W.2d 49 (N.D.1985); *Davis v. O'Keefe*, 283 N.W.2d 73 (N.D.1979). Here, Walker faces repetitious filings of a criminal complaint without the prosecution seeking district court review of an adverse determination of probable cause and without a conviction from which he could appeal. Walker has no adequate remedy by appeal.

■ We therefore treat the district court's order as a denial of a writ of prohibition. A writ of prohibition is a special proceeding. NDCC 32–32–01. An order denying relief in a special proceeding is appealable. *State v. Morrissey*, 295 N.W.2d 307 (N.D.1980). We conclude that the question raised by Walker's petition is properly before us.[4]

## III DUE PROCESS

Walker contends that the State cannot issue a new complaint against him after an adverse determination on probable cause unless it discovers new or additional evidence that was not readily available at the time of the first preliminary hearing. He argues that the review of a magistrate's decision in district court authorized by NDRCrimP 5.1(b) and an appeal from the district court's decision are in lieu of the unfettered right of the State to file a new complaint. Relying on the explanatory note to NDRCrimP 5.1, the State responds that it has two options when a magistrate dismisses a complaint for lack of probable cause: (1) seek district court review of the magistrate's decision, or (2) issue a new complaint.

NDRCrimP 5.1(b) says:

*Discharge of the Defendant.* After hearing the evidence on behalf of the respective parties, in a preliminary examination, if it appears either that a public offense has not been committed, or that there is not sufficient cause to believe the defendant guilty thereof, the magistrate shall order the defendant to be discharged. If the prosecuting attorney at the time such order is made orally announces in court the prosecuting attorney's intention to submit the record of the preliminary examination to a judge of the district court for review, and if the record is presented to the judge within thirty days thereafter and upon ten days written notice to the defendant, the execution of the order must be stayed until after action thereon is taken by the judge. Upon the review of the order, the district judge may vacate the same, and order the defendant to be held to answer

**4.** In *State ex rel. Link v. Olson*, 286 N.W.2d 262 (N.D.1979), we concluded that a writ of prohibition was not available to determine the issue raised in a case in which the Governor sought to restrain the Attorney General from issuing and enforcing an attorney general's opinion declaring a legislative enactment valid. However, we exercised our original jurisdiction to decide the important issues of that case under the declaratory judgment procedures of NDCC 32–23–01. *See also Vorachek v. Citizens State Bank of Lankin*, 461 N.W.2d 580 (N.D.1990); *Thompson v. Goetz*, 455 N.W.2d 580 (N.D.1990).

to the district court, and in that case may direct the prosecuting attorney to file an information, or the district judge may concur in the discharge of the defendant.

The explanatory note for subsection (b) says:

> Subdivision (b) is a restatement of existing law (Section 29-07-18, N.D.C.C.) and differs somewhat from the Federal Rule, which permits the magistrate to discharge the defendant as well as the complaint where no finding of probable cause is made. The prosecution is not precluded from issuing a new complaint. Under the provisions of Section 29-07-18, the prosecuting attorney may "appeal" the findings of the magistrate to a judge of the district court.

NDRCrimP 5.1(b) allows a prosecutor to seek district court review of a magistrate's adverse determination of probable cause at a preliminary hearing; however, although the rule itself does not do so, the explanatory note adds that the "prosecution is not precluded from issuing a new complaint."

■ Although rules of court are not legislative enactments, we interpret rules of procedure in accordance with principles of statutory construction. *Keyes v. Amundson*, 343 N.W.2d 78 (N.D.1983). Together, the rule and the explanatory note are ambiguous about whether the prosecution has the option of issuing a new complaint in addition to seeking district court review of the magistrate's adverse decision.

■ If a statute is ambiguous, we may resort to extrinsic aids to interpret the statute. *County of Stutsman v. State Historical Society*, 371 N.W.2d 321 (N.D.1985). In construing ambiguous statutes, we consider the legislative history, the purpose and object of the statute, and the laws upon the same subject. NDCC 1-02-39. We construe statutes to avoid conflicts with constitutional provisions. For example, *City of Bismarck v. Nassif*, 449 N.W.2d 789 (N.D.1989). Here, those rules lead us to conclude that, under NDRCrimP 5.1, the State does not have unbridled discretion to issue a new complaint after an adverse determination on probable cause.

■ The history of NDRCrimP 5.1 does not clarify whether the State is intended to have the option of issuing a new complaint in addition to seeking district court review of a magistrate's adverse determination on probable cause.[5] The purpose of a preliminary hearing is to determine if there is probable cause to believe the accused committed a crime. *Schiermeister v. Riskedahl*, 449 N.W.2d 566 (N.D.1989). A preliminary hearing is not a trial on the merits to determine the accused's guilt or innocence. *State v. Morrissey*, 295 N.W.2d 307 (N.D.1980). It is essentially a screening device to ferret out groundless and improvident prosecutions and to prevent the accused's detention without probable cause. *Dickinson Newspapers, Inc. v. Jorgensen*, 338 N.W.2d 72

5. As originally considered by the Joint Committee of the North Dakota State Bar Association and Judicial Council on Rules of Criminal Procedure at its January 27, 1972 meeting, proposed subsection (b) and its explanatory note followed FRCrimP 5.1(b), which expressly provides that the prosecution is not precluded from instituting a subsequent prosecution for the same offense if the magistrate makes an adverse determination on probable cause. *See* 8 Moores, Federal Practice ¶ 5.1.02[4] (1991); 1 Wright, Federal Practice and Procedure: Criminal 2nd § 86 (1982).

The minutes of the January 27, 1972 meeting reflect the following discussion about the proposed explanatory note:

> Judge Glaser called the Committee's attention to the Explanatory Note, Rule 5.1, page 2, the indented paragraph which states that "The State has no appeal from errors of law committed by a magistrate upon preliminary ex-

amination", and cited the Wisconsin case *Tell v. Wolke*, [21 Wis.2d 613, 124 N.W.2d 655 (1963)]. He noted that such is not the case in North Dakota, as the state can appeal findings of a preliminary examination. It was his opinion that such language was misleading and he suggested that it be omitted. (Reference to this provision is noted in Section 29-07-18, NDCC.)

At subsequent meetings, the proposed language of subsection (b) was amended to its present form to follow NDCC 29-07-18 and that statute was then superseded. The proposed explanatory note was also amended to its present form and, along with the rule, was adopted by this court. However, nothing in the history of the rule addresses whether the state has the option of issuing a new complaint in addition to seeking district court review of a magistrate's adverse determination on probable cause.

(N.D.1983). Double jeopardy does not apply to a magistrate's determination at preliminary hearing. *State v. Jensen*, 333 N.W.2d 686, 691 (N.D.1983). Still, a preliminary hearing is a critical stage in the criminal process that requires consideration of an accused's constitutional rights. *State v. Iverson*, 187 N.W.2d 1, 34 (N.D.1971). Other jurisdictions have considered the due process question about the prosecution's power to issue repeated complaints in the context of the purposes of a preliminary hearing.

■ In *State v. Brickey*, 714 P.2d 644 (Utah 1986), the Utah Supreme Court reviewed the purposes of a preliminary hearing and perceived the potential for harassment if the prosecution had unfettered discretion to issue a new complaint. Noting that prosecutorial good faith is frail protection,[6] the Utah court observed that many states had limited prosecutorial discretion to refile charges. The court recognized that double jeopardy does not apply to a magistrate's determination at a preliminary hearing. However, relying upon *Jones v. State*, 481 P.2d 169 (Okla.Crim.App.1971), the court held that under the due process clause of the Utah constitution, a prosecutor may not refile a criminal charge that had been dismissed after a preliminary hearing for lack of probable cause unless the prosecutor can show that new or previously unavailable evidence had been discovered or that other good cause existed. *See also Stockwell v. State*, 98 Idaho 797, 573 P.2d 116 (1977) [refiling a criminal complaint for purposes of harassment, delay, or forum shopping may violate due process]; *People v. Walls*, 117 Mich.App. 691, 324 N.W.2d 136 (1982) [refiling criminal complaint violated due process where prosecutor's conduct constituted judge shopping and harassment as opposed to ineptness]. Due process protects a citizen from repetitious filing of criminal charges lacking in probable cause.

In *Jones v. State*, 481 P.2d at 171–172, the Oklahoma Court of Criminal Appeals

considered the prosecution's authority to issue a new complaint after an adverse determination on probable cause at a preliminary hearing:

> [W]hen a magistrate at a preliminary examination rules the evidence insufficient to hold the defendant for trial, neither that magistrate nor any other magistrate should entertain another filing against the same defendant for the same offense unless the State makes an offer of additional evidence or proves other good cause to justify another preliminary examination. Additional or new evidence does not mean that which was known to the State at the time of the first preliminary or which could have been easily acquired.

> Upon refiling a prosecution, the State must bring it before the same magistrate who dismissed the charge, or in his absence, another magistrate setting forth the dismissed case number, date, magistrate, and the additional evidence or other good cause to be offered.

> Furthermore, upon refiling a prosecution under these circumstances, the magistrate at the subsequent preliminary examination must be convinced that additional competent evidence has been offered which requires re-examination of the prior dismissal before that ruling can be set aside. The magistrate at a subsequent preliminary examination for the same defendant on the same charge should not consider the matter anew as on first impression as a prior dismissal is binding and final until overcome by additional evidence.

Under *Jones* the prosecution may not refile a criminal complaint for the same offense after an adverse decision at a preliminary hearing unless the State offers additional evidence or shows other good cause to justify another preliminary hearing.

Later, in *Harper v. District Court of Oklahoma County*, 484 P.2d 891, 897

---

**6.** *See* NDRPC 3.8(a) [A prosecutor shall not prosecute a charge that the prosecutor knows is not supported by probable cause]. The American Bar Association Standards Relating to the Prosecution Function (1971) § 3.9(a) says that it is unprofessional conduct for a prosecutor to bring criminal charges that are not supported by probable cause.

(Okla.Crim.App.1971), the court clarified the meaning of "good cause":

> It was not intended, nor is it expected, in order to show probable cause, that in all cases the prosecution must present its entire case before the examining magistrate. That is a decision to be reached by the district attorney, and in some cases such may happen; however, in the event the prosecutor miscalculates and fails to present sufficient evidence to show probable cause to bind over the accused, but possesses other witnesses whose testimony would strengthen his showing, it is clearly within the discretion of the examining magistrate to grant the state a continuance for that purpose. However, it is presumed that the additional witnesses, or other evidence, are reasonably available; and that a continuance will not be sought in order to conduct further investigation seeking that evidence, in a dilatory manner.

Later still the Oklahoma Court of Criminal Appeals adopted a procedural rule allowing the state to appeal from a magistrate's adverse ruling at a preliminary hearing. *State ex rel. Fallis v. Caldwell,* 498 P.2d 426 (Okla.Crim.App.1972). The court then held that an appeal under that procedural rule and refiling under the *Jones* guidelines were alternate options for the state. *Morgan v. State,* 675 P.2d 473 (Okla.Crim.App.1984); *Chase v. State,* 517 P.2d 1142 (Okla.Crim.App.1973). Oklahoma thus allows the state to appeal an adverse determination on probable cause or to issue a new complaint if there is good cause.

In *Wittke v. State ex rel. Smith,* 80 Wis.2d 332, 259 N.W.2d 515 (1977), the Wisconsin Supreme Court considered a similar question. The court observed that it had previously allowed the state to issue a new complaint after dismissal at a preliminary hearing because the state could not appeal from a magistrate's adverse determination on probable cause,[7] but that in *State v. Antes,* 74 Wis.2d 317, 246 N.W.2d 671 (1976), the court held that the magistrate's decision was appealable. The court said:

> Considerations of fairness and public policy demand that the state be afforded some means of relief from an erroneous dismissal of a criminal complaint. However, there is no reason to believe that an appeal is not an adequate remedy. These same considerations of fairness and public policy afforded to the defendant demand that the state should not be permitted to forego an appeal and instead subject the defendant to successive preliminary examinations when it can produce no new or unused evidence.

*Wittke,* 259 N.W.2d at 520. *Wittke* thus held that the prosecution must produce new or unused evidence in order to issue a new complaint charging the defendant with the same crime.

The American Law Institute Model Code of Pre–Arraignment Procedure (1975) recommends a similar result. Section 330.6 of the Model Code precludes a defendant from appealing a magistrate's determination that probable cause exists, but authorizes the state to appeal a magistrate's adverse decision. Section 330.7 declares that an order dismissing a complaint for lack of reasonable cause bars any further prosecution unless within 60 days the prosecution moves to reinstate the complaint and reopen the preliminary hearing. Section 330.7 specifies that that motion shall be based upon the affidavits or other recorded sworn testimony of witnesses establishing new evidence that, together with the evidence previously introduced at the preliminary hearing, establishes probable cause.

 In construing NDRCrimP 5.1, the reasoning of *Brickey, Jones,* and *Wittke* is persuasive. We hold that under NDRCrimP 5.1 the prosecution may (1) seek district court review of a magistrate's adverse ruling on probable cause,[8] or (2)

---

7. *Tell v. Wolke,* 21 Wis.2d 613, 124 N.W.2d 655 (1963) and *State ex rel. Beck v. Duffy,* 38 Wis.2d 159, 156 N.W.2d 368 (1968). *Tell* was cited in the proposed explanatory note for NDRCrimP

5.1 which was initially considered by our Joint Committee on Rules. *See* fn. 5.

8. The State contends that Walker's discharge by the district court in this case was not a final,

issue a new complaint upon the offer of additional evidence or other good cause. Good cause does not include harassment or magistrate "shopping." *Stockwell v. State*, 98 Id. 797, 573 P.2d 116 (1977). Good cause may include, among other things, the unavailability of prosecution witnesses [*see People v. Laslo*, 78 Mich. App. 257, 259 N.W.2d 448 (1977)], or when a prosecutor innocently miscalculates the quantum or type of evidence required to obtain a bindover and further investigation clearly would not be dilatory. *Harper.* In any event, the prosecution's burden of establishing probable cause is not great because consideration of hearsay and other evidence inadmissible at trial is permitted. *Schiermeister v. Riskedahl.* If probable cause is not established, however, prosecutors do not have an unfettered right to refile criminal charges.

Here, there is apparently no criminal action currently pending against Walker. Because of the procedural posture of this case, we remand to the district court for entry of an order prohibiting the State from issuing a new complaint against Walker unless it offers additional evidence or other good cause.

ERICKSTAD, C.J., and LEVINE and GIERKE, JJ., concur.

VANDE WALLE, Justice, concurring and dissenting.

I agree that the State cannot, without more, issue a new complaint after an adverse determination on probable cause at a preliminary hearing and that its remedy is to seek review of that determination if it believes the magistrate erred. Only if it has new or additional information to offer or shows other good cause to justify anoth-

er preliminary hearing, should the State be entitled to file a new complaint. Having agreed to that proposition, I do not believe that it answers an issue before us.

Although the State professes in its brief that the issue on appeal "is whether North Dakota law allows the State to file a second criminal complaint against a defendant when the first complaint is dismissed for lack of probable cause following a preliminary hearing," it concedes that "[e]ven if this Court would ultimately adopt some type of curb on a prosecutor's ability to file subsequent complaints following preliminary hearing dismissals, the facts of this case would not mandate a discharge of this defendant." The State notes that all of the cased cited by Walker "stand for the proposition that the filing of a subsequent criminal complaint should not be allowed absent a showing of new or additional evidence or other good cause," and observes that in the present case "a determination regarding whether the State intended to offer new or additional evidence at the second preliminary hearing was never made" because Walker filed the present appeal before the second preliminary hearing was held.

The State contends in its appeal brief that had the second preliminary hearing been held Walker would have discovered the reason for the second complaint was to introduce expert medical evidence on the issue of whether the alleged victim had the mental capacity to understand the nature of the sexual conduct which had occurred between herself and the defendant. Thus the real issue, one the majority does not and should not reach in this proceeding, is whether or not the evidence the State intended to offer was new or additional evidence that would permit the filing of a

appealable judgment because the State could issue a new complaint. We are not persuaded by this circuitous argument. An accused may assert that a magistrate exceeded its jurisdiction in finding probable cause by petitioning the district court for a writ of certiorari and appealing to this court from the district court judgment denying the writ. *State v. Morrissey*, 295 N.W.2d 307 (N.D.1980). *Morrissey* is equally applicable to an appeal by the state from a district court judgment granting a writ of certiorari.

Furthermore, the State is expressly authorized to appeal from an order dismissing a criminal complaint. NDCC 29–28–07(1); *State v. Swanson*, 407 N.W.2d 204 (N.D.1987); *State v. Hanson*, 252 N.W.2d 872 (N.D.1977). Thus, the State is not precluded from appealing from a district court's dismissal of a complaint on review of a magistrate's adverse determination on probable cause.

second criminal complaint. Walker contends it is not and the State, of course, contends that it is. Thus, despite the State's statement of the issues and its pro forma argument to the contrary, it is apparent that the State does not and cannot rely on a bald power to repeatedly refile criminal charges without new evidence or good cause following a dismissal for lack of probable cause. Subsequent to the filing of the briefs on appeal, but prior to oral argument, Judge Schneider determined the evidence at the second preliminary hearing failed to establish probable cause to believe Walker had committed an offense.

Because of the posture of this case, I believe that (1) the majority opinion is an advisory opinion in that it answers a question not before the court on the record of the case before us; (2) that the real issue, *i.e.*, whether or not the additional evidence offered by the State at the second preliminary hearing constituted such new or additional evidence as would permit the filing of a second criminal complaint, is not before us; and (3) that any issue is moot insofar as the second criminal complaint has been dismissed and no review of the dismissal has been sought by the State. I would, therefore, dismiss the appeal.